**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ANTHONY COLEMAN, ) | Case No.: 2:11-cv-00178-GMN-LRL |
| ) | |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| ) | |
| AMERICAN HOME MORTGAGE ) | |
| SERVICING, INC.; POWER DEFAULT ) | |
| SERVICES, INC.; T.D. SERVICE COMPANY; ) | |
| MORTGAGE ELECTRONIC REGISTRATION ) | |
| SYSTEMS, INC.; AMERICAN HOME ) | |
| MORTGAGE ACCEPTANCE INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## **INTRODUCTION**

Before the Court is Defendants American Home Mortgage Servicing, Inc., ("American Home Servicing"), Power Default Services, Inc. f/k/a AHMSI Default Services, Inc. ("Power Default"), and Mortgage Electronic Registration Systems' ("MERS") Motion to Dismiss (ECF No. 8). Plaintiff Anthony Coleman filed an untimely Response on July 18, 2011 (ECF No. 28) and Defendants filed a Reply on July 28, 2011 (ECF No. 31).

Defendants American Home, Power Default and MERS also filed a Motion to Expunge Lis Pendens on June 29, 2011 (ECF No. 22).

Also before the Court is Defendant T.D. Service Company's (T.D. Service) Motion to Dismiss filed on June 10, 2011 (ECF No. 12). Plaintiff filed a Response on June 24, 2011 (ECF No. 16) and Defendant filed a Reply on June 27, 2011 (ECF No. 17).

Following these motions, Plaintiff filed two Motions to Amend/Correct Complaint (ECF Nos. 29 & 36).

**FACTS AND BACKGROUND**

On or around October 15, 2004, Plaintiff Anthony Colman entered into a mortgage agreement with American Home Mortgage Acceptance, Inc. for $311,250.00 to purchase a home at 6136 Benchmark Way, North Las Vegas, Nevada, 89031(the "Property"). (*See* Deed of Trust (hereinafter "DOT", October 15, 2004, Ex. A, ECF No. 8.)  On the Deed of Trust, the trustee is Fidelity National Title and MERS is listed as "nominee" and "beneficiary." (*See id.*) AHMSI Default Services, Inc. filed a Notice of Default (hereinafter "NOD") on September 2, 2008. (*See* NOD, September 2, 2008, Ex. C, ECF No. 8.)  AHMSI Default Services, Inc. is listed as an agent for the trustee by Fidelity National Title as agent; however Fidelity National Title is crossed out and replaced with "Lender Processing Service, as Agent." (*See id.*)

On the same date as the NOD, AHMSI Default Services was substituted as trustee for "Fidelity National Title by Bank of New York as Trustee for American Home Mortgage Investment Trust 2004-4 Mortgage-backed notes, Series 2004-4 by American Home Mortgage Servicing, Inc." (hereinafter "Bank of New York").  (Substitution of Trustee, hereinafter "SOT", September 2, 2008, Ex. L, ECF No. 1–6.)  On September 25, 2008, MERS, as nominee for American Home Mortgage Acceptance, Inc. assigned the DOT to American Home Servicing. (*See* Assignment of DOT, Sept. 25, 2008, Ex. M, ECF No. 1–6.)  Then on November 25, 2009 American Home Servicing assigned the DOT to Bank of New York. (*See* Assignment of DOT, Nov. 25, 2009, Ex. B, ECF No. 8.)

The trustee's sale took place on April 20, 2011. (*See* Trustee's Deed Upon Sale, April 20, 2011, Ex. E, ECF No. 8.)  Power Default was the trustee listed on the sale. (*Id.*)  Bank of New York purchased the Property on that date. (*Id.*)  It appears that T.D. Service Company conducted the trustee sale as "an agent for Power Default." (*Id.*)

Plaintiff filed the instant suit seeking to void the sale of the Property, alleging eight (8) causes of action: (1) RESPA violation; (2) fraud and intentional deceit; (3) breach of contract

and breach of implied covenant of good faith and fair dealing; (4) quiet title; (5) declaratory judgment; (6) fraudulent assignment; (7) set aside illegal trustee sale; and (8) fraudulent foreclosure.

## **DISCUSSION**

**A.    Rule 12(b)(6) Standard**

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See North Star Int'l. v. Arizona Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 127 S.Ct. 1955, 1964 (2007). However, facts must be sufficient to edge a complaint from the conceivable to the plausible in order to state a claim. *Id.* In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

The Supreme Court recently clarified that, in order to avoid a motion to dismiss, the complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The Court in Ashcroft further stated "[w]here a complaint pleads facts that are "merely

consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.*  Therefore, merely making an allegation is not enough to survive a motion to dismiss; facts that a particular defendant may plausibly be liable for the alleged conduct must be pled.

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

Mindful of the fact that the Supreme Court has "instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants," *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), the Court will view Plaintiff's pleadings with the appropriate degree of leniency.

**B.     Analysis**

**1.     Statutory Defect – N.R.S. 170.080**

While Plaintiff has not specifically stated a claim for a statutorily defective foreclosure under N.R.S. 170.080, Plaintiff's sixth, seventh and eighth claims for fraudulent assignment, set aside illegal trustee sale and fraudulent foreclosure will be construed as alleging a claim for a statutorily defective foreclosure under N.R.S. § 170.080.

Nevada law provides that a deed of trust is an instrument that may be used to "secure the performance of an obligation or the payment of any debt." NRS § 107.020(1). Upon default, the beneficiary, the successor in interest of the beneficiary, or the trustee may foreclose on the property through a trustee's sale to satisfy the obligation. NRS § 107.080(2)(c).

The procedures for conducting a trustee's foreclosure sale are set forth in NRS § 107.080.

To commence a foreclosure, the beneficiary, the successor in interest of the beneficiary, or the trustee must execute and record a notice of the breach and election to sell. NRS § 107.080(2)(c). Under NRS § 107.080(5), a "sale made pursuant to this section may be declared void by any court of competent jurisdiction in the county where the sale took place" if:

> (a) The trustee or other person authorized to make the sale does not substantially comply with the provisions of this section or any applicable provision of NRS 107.086 and 107.087;
>
> (b) Except as otherwise provided in subsection 6, an action is commenced in the county where the sale took place within 90 days after the date of the sale; and
>
> (c) A notice of lis pendens providing notice of the pendency of the action is recorded in the office of the county recorder of the county where the sale took place within 30 days after commencement of the action.

NRS § 107.080(5)(a)-(c).

A nominee on a deed of trust has the authority, as an agent, to act on behalf of the holder of the promissory note and execute a substitution of trustees. *Gomez v. Countrywide Bank, FSB*, 2009 WL 3617650, * 1 (D.Nev.2009). As long as the note is in default and the foreclosing trustee is either the original trustee or has been substituted by the holder of the note or the holder's nominee, there is no defect in the Nevada foreclosure. *Id.* at *2.

The documents submitted by the parties demonstrate that the foreclosure may have been statutorily invalid.[1] AHMSI Default Services, Inc. was listed as the trustee on the NOD on September 2, 2008. However, the substitution of AHMSI Default Services, Inc. on the same date appears to be invalid.

/ / /

---

[1] The Court takes judicial notice of the public records adduced by Defendants (ECF No. 8 Exs. A-C, E) and Plaintiff (ECF No. 1−6, Exs. L, M). *See Mack v. S. Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

The Substitution of Trustee, dated September 2, 2008 states that AHMSI Default Services was substituted as trustee for Fidelity National Title by Bank of New York. However, Bank of New York had yet to be assigned the DOT on September 2, 2008. It was not until September 25, 2008, that MERS, as nominee for American Home Mortgage Acceptance, Inc. assigned the DOT to American Home Servicing. Then, on November 25, 2009, American Home Servicing assigned the DOT to Bank of New York. Therefore, it appears that AHMSI Default Services, Inc. was never properly substituted as trustee on September 2, 2008 and Power Default did not have the proper authority to foreclose under N.R.S. § 107.080(2)(c).

Unfortunately, even though there may be a claim for a statutorily defective foreclosure, Plaintiff has failed to state a claim for the tort of wrongful foreclosure pursuant to Nevada law because he does not dispute his delinquency on the mortgage payments. *See Collins v. Union Fed. Sav. & Loan Ass'n,* 662 P.2d 610 (Nev.1983) (Nevada recognizes the tort of wrongful foreclosure where a homeowner alleges a lender wrongfully exercised the power of sale and foreclosed upon their property when the homeowner was not in default on the mortgage loan.)

Further, to the extent Plaintiff's allegations are construed to state claims regarding improper securitization of a mortgage, these also fail. *See Chavez,* 2010 WL 2545006, at*2 (holding N.R.S. § 107.080 does not forbid the securitization of a loan); *Guerra v. Just Mortg., Inc.,* No. 2:10–cv–00029–KJD–RJJ, 2010 WL 4822948, at *4–*5 (D.Nev. Nov. 22, 2010) (holding that plaintiff's fraud claim fails because lender had no legal duty to inform plaintiff of potential securitization of mortgage note). *See also Byrd v. Meridian Foreclosure Serv.,* No. 2:11-cv-00096-KJD-PAL, 2011 WL 1362135 (D.Nev. Apr. 8, 2011) (court dismissed securitization claim because Nevada does not impose a legal duty on lender to inform the borrower of securitization).

Plaintiff is granted leave to amend his sixth, seventh and eighth causes of action to allege a statutory defect under N.R.S. § 107.080.

## 2. Real Estate Settlement Procedures Act (RESPA)

Plaintiff alleges that he sent Qualified Written Request ("QWR") to American Home Mortgage, Power Default, T.D. Service Company and MERS on May 1, 2010 pursuant to 12 U.S.C. §2605(e) and attached a copy of the letter to the Complaint (QWR, Ex. B, ECF No.1.) Plaintiff alleges that Defendants failed to comply with the requirements of RESPA to acknowledge receipt of the QWR within 20 business days and to provide a full written report of their findings requested within 60 business days.  Plaintiff admits that on June 28, 2010 American Home Servicing provided publicly recorded documents and said it does not have to do anything else under 2605(e)(1)(a). (*See* Letter, June 28, 2010, Ex. G, ECF No. 1.)  The letter from American Home Servicing indicated that it was the current servicer of the loan. (*Id.*)

Loan servicers are obligated to respond to legitimate QWRs under 12 U.S.C. § 2605(e)(1).[2]  A QWR is defined as:

> a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that –

---

[2] Specifically, loan servicers must follow these statutory guidelines:

> (2) Action with respect to inquiry. Not later than 60 days (excluding legal public holidays, Saturdays, and Sundays) after the receipt from any borrower of any qualified written request under paragraph (1) and, if applicable, before taking any action with respect to the inquiry of the borrower, the servicer shall –
> (A) make appropriate corrections in the account of the borrower, including the crediting of any late charges or penalties, and transmit to the borrower a written notification of such correction (which shall include the name and telephone number of a representative of the servicer who can provide assistance to the borrower);
> (B) after conducting an investigation, provide the borrower with a written explanation or clarification that includes –
>   (i) to the extent applicable, a statement of the reasons for which the servicer believes the account of the borrower is correct as determined by the servicer; and
>   (ii) the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide assistance to the borrower; or
> (C) after conducting an investigation, provide the borrower with a written explanation or clarification that includes –
>   (i) information requested by the borrower or an explanation of why the information requested is unavailable or cannot be obtained by the servicer; and
>   (ii) the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide assistance to the borrower.

12 U.S.C. § 2605(e)(2).

>    (i)  includes, or otherwise enables the servicer to identify, the name and account of the borrower; and
>    (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

12 U.S.C. § 2605(e)(1)(B).

Here, Plaintiff's letter does not appear to meet this definition, since his request does not include any statement of the reasons for his belief that the account is in error, nor does it request corrections to the account. Instead, Plaintiff's stated reason for the letter is "to complain about the accounting and servicing of this mortgage and my need for understanding and clarification of various sale, transfer, funding source, legal and beneficial ownership, charges, credits, debits, transactions, reversals, actions, payment, analyses and records related to the servicing of this account from its origination to the present date." (*See* QWR, Ex. B, ECF No. 1.) Plaintiff's QWR continues that he is "concerned with all the news lately regarding the stories of predatory lending and you have left me feeling that there is something you are trying to hide." Plaintiff demands certain documentation and audits to be done with respect the loan servicer's practices and procedures. Plaintiff then asks dozens of questions that amount to a discovery request. These requests do not adhere to the letter nor the spirit of the RESPA statute. Accordingly, the Court dismisses this claim without leave to amend.

### 3.    Fraud and Intentional Deceit

Fed. R. Civ. P. 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." The elements of intentional misrepresentation or common law fraud in Nevada are: (1) a false representation made by the defendant; (2) defendant's knowledge or belief that the representation is false (or insufficient basis for making the representation); (3) defendant's intention to induce the plaintiff to act or to refrain from acting in reliance upon the misrepresentation; (4) plaintiff's justifiable reliance

upon the misrepresentation; and (5) damage to the plaintiff resulting from such reliance. *Bulbman, Inc. v. Nev. Bell*, 825 P.2d 588, 592 (Nev. 1992).

Plaintiff fails to state with any particularity facts that would establish a claim for intentional misrepresentation or common law fraud. Therefore, this claim is dismissed without prejudice. Plaintiff is granted leave to amend this claim.

### 4. Breach of Contract and Implied Covenant of Good Faith and Fair Dealing

To state a claim for breach of contract in Nevada, a Plaintiff must demonstrate (1) the existence of a valid contract, (2) that plaintiff performed or was excused from performance, (3) that the defendant breached, and (4) that the plaintiff sustained damages. *See Calloway v. City of Reno,* 993 P.2d 1259, 1263 (2000). Under Nevada law, "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and execution." *A.C. Shaw Constr. v. Washoe County*, 105 Nev. 913, 784 P.2d 9, 9 (Nev.1989) (quoting Restatement (Second) of Contracts § 205).

Plaintiff has only alluded to the contract formed between himself and the "Lender." Furthermore, Plaintiff alleges that the wrongful conduct of the defendants has to do with predatory lending. Therefore, Plaintiff has only potentially stated a claim against the Defendant American Home Mortgage Acceptance, Inc. as the lender on the DOT. Therefore, the Court finds that Plaintiff has failed to allege a sustainable claim for breach of contract and the covenants of good faith and fair dealing as to Defendants American Home Servicing, Power Default, T.D. Service Company, and MERS. Accordingly, the Court dismisses Plaintiff's second cause of action against all defendants, except American Home Mortgage Acceptance, Inc., without leave to amend.

### 5. Quiet Title and Declaratory Judgment

The Court will not dismiss Plaintiff's claims for quiet title and declaratory judgment at this time because Plaintiff has stated a claim for a statutorily defective foreclosure.

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendants American Home Mortgage Servicing, Inc., ("American Home Servicing"), Power Default Services, Inc. f/k/a AHMSI Default Services, Inc. ("Power Default'), and Mortgage Electronic Registration Systems' ("MERS") Motion to Dismiss (ECF No. 8) and Defendant T.D. Service Company's (T.D. Service) Motion to Dismiss (ECF No. 12) are **GRANTED in part as to claims, one and two and DENIED in part as to claims three, four, five, six, seven and eight.** Plaintiff Anthony Coleman is granted leave to Amend as provided by this Order. **Plaintiff Anthony Coleman shall file his amended complaint by January 3, 2012.**

**IT IS ORDERED** that Defendants' Motion to Expunge Lis Pendens (ECF No. 22) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's two Motions to Amend/Correct Complaint (ECF Nos. 29 & 36) are **DENIED as MOOT**.

DATED this 8th day of December, 2011.

_____
Gloria M. Navarro
United States District Judge

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendants American Home Mortgage Servicing, Inc., ("American Home Servicing"), Power Default Services, Inc. f/k/a AHMSI Default Services, Inc. ("Power Default'), and Mortgage Electronic Registration Systems' ("MERS") Motion to Dismiss (ECF No. 8) and Defendant T.D. Service Company's (T.D. Service) Motion to Dismiss (ECF No. 12) are **GRANTED in part as to claims, one and two and DENIED in part as to claims three, four, five, six, seven and eight.** Plaintiff Anthony Coleman is granted leave to Amend as provided by this Order. **Plaintiff Anthony Coleman shall file his amended complaint by January 3, 2012.**

**IT IS ORDERED** that Defendants' Motion to Expunge Lis Pendens (ECF No. 22) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's two Motions to Amend/Correct Complaint (ECF Nos. 29 & 36) are **DENIED as MOOT**.

DATED this 8th day of December, 2011.

_____
Gloria M. Navarro
United States District Judge