UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY COLEMAN,<br><br>        Plaintiff,<br>vs.<br><br>AMERICAN HOME MORTGAGE SERVICING, INC.; POWER DEFAULT SERVICES, INC.; T.D. SERVICE COMPANY; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; AMERICAN HOME MORTGAGE ACCEPTANCE, INC.; and DOES 1-25,<br><br>        Defendants. | Case No.: 2:11-CV-00178-GMN-VCF<br><br>**ORDER** |

      This is an action arising out of the foreclosure proceedings conducted against the property of *pro se* Plaintiff Anthony Coleman, filed against Defendants T.D. Service Company, Power Default Services, Inc. ("Power Default"), Mortgage Electronic Registration Systems, Inc. ("MERS"), American Home Mortgage Servicing, Inc. ("AHM Servicing"), and American Home Mortgage Acceptance, Inc. ("AHM Acceptance")[1] (collectively, "Defendants"). Pending before the Court are three motions to strike (Nos. 45, 47, 48) filed by Defendants, as well as Plaintiff's Motion Barring Defendant American Home Mortgage Servicing Inc.'s Motion to Reopen Bankruptcy Case (ECF No. 40).[2]

---

[1] After American Home Mortgage, Inc., filed a Notice of Suggestion of Bankruptcy Upon the Record (ECF No. 7), the Court issued an Order staying the case as to Defendant American Home Mortgage Acceptance, Inc. (ECF Nos. 14, 20).

[2] The Court recognizes that at the time this Order is filed, one other motion is pending, the Motion to Strike, or in the Alternative, Motion to Dismiss (ECF No. 53) filed by Defendants AHM Servicing, Power Default, and MERS. That motion will remain under submission.

## I. BACKGROUND

Plaintiff initiated this action by filing a Complaint before this Court on February 1, 2011, relating to the property he claimed to own and maintain his residence, located at 6136 Benchmark Way, North Las Vegas, NV, 89031. (ECF No. 1.)  Attached to that Complaint, Plaintiff included a Deed of Trust relating to the property, dated October 15, 2004, naming him as the Borrower, AHM Acceptance as the Lender. (*Id*.)  Previously, and after granting Defendants' Motion to Dismiss, the Court gave Plaintiff leave to amend his Complaint in an Order dated December 8, 2011. (ECF No. 41.)  In that Order, the Court set a deadline of January 3, 2012. (*Id*.)

Plaintiff filed his First Amended Complaint on January 3, 2012. (ECF No. 44.) Defendant T.D. Service Company filed its Motion to Strike (ECF No. 45) on January 18, 2012.  On January 23, 2012, Plaintiff filed his Second Amended Complaint, styled as "Corrected First Amended Complaint." (ECF No. 46.)  The next day, Defendants AHM Servicing, Power Default, and MERS filed their Motion to Strike, or in the Alternative, Motion to Dismiss (ECF No. 47) regarding Plaintiff's First Amended Complaint, and on February 6, 2012, they filed their Motion to Strike, or in the Alternative, Motion to Dismiss (ECF No. 48) regarding Plaintiff's Second Amended Complaint.  Plaintiff then filed his Third Amended Complaint (ECF No. 49) on February 13, 2012.  On March 1, 2012, Defendants AHM Servicing, Power Default, and MERS filed their final Motion to Strike, or in the Alternative, Motion to Dismiss (ECF No. 53) regarding Plaintiff's Third Amended Complaint.

## II. DISCUSSION

### A. Defendants' Motions to Strike

As Defendants point out, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P.

12(f). The Court may also impose appropriate sanctions on a party for failure to comply with an order of the court. D. Nev. R. IA 4-1.

In their motions, Defendants point out that Plaintiff failed to amend his Complaint consistent with the Court's direction in the Order dated December 8, 2011 (ECF No. 41). With regard to Plaintiff's Second and Third Amended Complaints, Plaintiff also failed to amend his Complaint before the deadline set by the Court. (*See id.*) Plaintiff also added four additional defendants – Bank of New York Mellon, fka Bank of New York; American Home Mortgage Investment Trust 2004-4 Mortgage-Backed Notes, Series 2004-4; Gerri Sheppard; and Lender Processing Services, Inc.

Because Plaintiff is *pro se*, and because the Court finds no unfair prejudice against Defendants, the Court will construe Plaintiff's successive re-filings of his Amended Complaint as a motion for extension of the deadline to re-file his Amended Complaint pursuant to the Court's Order dated December 8, 2011 (ECF No. 41), or in the alternative, as a motion for permission to file an Amended Complaint. Either way, the Court finds that good cause exists to permit Plaintiff's Third Amended Complaint (ECF No. 49) to stand as the operative Complaint before the Court. The last remaining Motion to Strike, or in the Alternative, Motion to Dismiss (ECF No. 53) will remain under submission.

**B. Plaintiff's Motion Barring Defendant American Home Mortgage Servicing Inc.'s Motion to Reopen Bankruptcy Case (ECF No. 40)**

In his Motion Barring Defendant American Home Mortgage Servicing Inc.'s Motion to Reopen Bankruptcy Case (ECF No. 40), filed on November 29, 2011, Plaintiff asks the Court to bar AHM Servicing from pursuing a motion they filed in the United States Bankruptcy Court for the Central District of California involving the property in this action. *See In re Clemons*, Case No. 2:11-bk-20536-BR (Bankr. C. D. Cal. 2011).

1  Plaintiff explains that he filed an opposition to the motion in bankruptcy court, and
2  attaches it as Exhibit 4. (Pl.'s Mot., 7:13-17, ECF No. 40.)  Plaintiff concludes by asking
3  the Court "to deny Defendant American Home Mortgage Servicing, Inc. from pursuing
4  [the motion]" in bankruptcy court, and "to order any and all Defendants [in the instant
5  action] from attempting to join, connect, or in any way shape or form implicate Plaintiff
6  or the property" at issue in this action. (*Id.* at 7:19-26.)
7       In the bankruptcy motion, which Plaintiff attaches as well, American Home
8  Mortgage Servicing, Inc., requested that the bankruptcy court lift the stay as to Michelle
9  Clemons, who "purportedly obtained a security interest by way of a deed of trust on real
10 property owned by Anthony Coleman." (Motion to Reopen Bankruptcy Case, 2:¶5, Ex. 1
11 to Pl.'s Mot., ECF No. 40.)  Apparently, "[o]n January 10, 2009, Coleman purportedly
12 executed an unrecorded Short Form Deed of Trust and Assignment of Rents . . . in favor
13 of [Michelle Clemons]." (*Id.* at 3:¶6.)  Furthermore, according to the motion, "Clemons,
14 having held the Unrecorded Deed without recording it for over two years, apparently
15 allowed the Trustee's Sale to proceed without giving notice, because two days after the
16 sale, on April 22, 2011, Clemons provided notice of the Unrecorded Deed to Movant,
17 indicating that the sale had violated the automatic stay." (*Id.* at 3:¶8.)
18      The Bankruptcy Court granted the motion on December 21, 2011. *In re Clemons*,
19 Case No. 2:11-bk-20536-BR (Bankr. C. D. Cal. Dec. 21, 2011).  On January 23, 2012,
20 the Bankruptcy Court issued an Order granting the motion for relief from the automatic
21 stay, and the case was closed on February 3, 2012. *Id.*
22      Here, in response to Plaintiff's motion, Defendants AHM Servicing, Power
23 Default and MERS filed an opposition (ECF No. 42) on December 16, 2011, but Plaintiff
24 did not file a reply.  In the Response, Defendants point out that Plaintiff failed to submit
25 points and authorities in support of his requested relief pursuant to Local Rule 7-2 for the

District of Nevada, and argue that even considering the substance of the motion, it should be denied as moot since Plaintiff had no standing before the bankruptcy court. Defendants also submitted a Supplement (ECF No. 51) on February 24, 2012, explaining the subsequent developments in the bankruptcy case and arguing that Plaintiff's motion may also be denied as moot as a result.

The Court agrees that Plaintiff's failure to submit points and authorities in support of his requested relief requires denial of the motion, particularly since Plaintiff provides no argument as to the legal grounds justifying the relief he requests. In addition to this basis for denial of Plaintiff's motion, the Court agrees that Plaintiff's motion is now moot since the proceedings in the bankruptcy court are now closed.

### III. CONCLUSION

**IT IS HEREBY ORDERED** that the Motions to Strike (ECF Nos. 45, 47, 48) are **DENIED as moot.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion Barring Defendant American Home Mortgage Servicing Inc.'s Motion to Reopen Bankruptcy Case (ECF No. 40) is **DENIED**.

DATED this __20__ day of July, 2012.

_____
Gloria M. Navarro
United States District Judge