# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Anthony Coleman, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:11-cv-00178-GMN-VCF |
| vs. ) | |
| ) | **ORDER** |
| American Home Mortgage Servicing, Inc., *et* ) | |
| *al.* ) | |
| ) | |
| Defendants. ) | |

This action arises out of the foreclosure proceedings initiated against the property of *pro se* Plaintiff Anthony Coleman.  Before the Court is Plaintiff's Ex Parte Motion for Temporary Restraining Order (ECF No. 68), Motion for Preliminary Injunction (ECF No. 69) and Supplemental Memorandum (ECF No. 70).  The Motion for Preliminary Injunction is not yet ripe, Defendants have not yet filed an opposition, and the deadline to do so has not yet passed.

**I. BACKGROUND**

Plaintiff initiated this action on February 1, 2011, by filing a Complaint before this Court relating to the property he claimed to own and maintain his residence, located at 6136 Benchmark Way, North Las Vegas, NV, 89031 ("the property"). (ECF No. 1.)  After granting Defendants' first Motion to Dismiss, the Court gave Plaintiff leave to amend his Complaint by January 3, 2012. (Order, Dec. 8, 2011, ECF No. 41.)  At that time, the Court noted that "[t]he documents submitted by the parties demonstrate that the foreclosure may have been statutorily invalid," and gave Plaintiff leave to amend his complaint to allege a statutory defect under N.R.S. § 107.080. (*Id.*)

After Plaintiff filed several successive amended complaints, the Court construed Plaintiff's filings as a request for extension of time to re-file his Amended Complaint pursuant

to the Court's December 8, 2011, Order, and permitted Plaintiff's Third Amended Complaint (ECF No. 49) to stand as the operative Complaint before the Court. (Order, July 20, 2012, ECF No. 61.) Plaintiff's causes of action, as amended, are: (1) Statutorily Defective Foreclosure Under N.R.S. § 170.080; and (2) Quiet Title.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 65 governs preliminary injunctions and temporary restraining orders, and requires that a motion for temporary restraining order include "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b). Temporary restraining orders are governed by the same standard applicable to preliminary injunctions. *See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc.*, 181 F.Supp. 2d 1111, 1126 (E.D. Cal. 2001). A temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974).

An injunction may be issued if a plaintiff establishes: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "Injunctive relief [is] an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22. The Ninth Circuit has held that "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011).

### III. DISCUSSION

As discussed by the Court in its December 8, 2011, Order, the foreclosure on the property appears to be statutorily defective. Remedies for violation of the foreclosure statute include potential voiding of any sale conducted on the property. The judicially noticeable documents submitted to the Court by Defendants provide sufficient basis for the Court to find that there are serious questions going to the merits.

Likewise, since eviction procedures have been initiated, the Court finds that there is a likelihood of irreparable harm in the absence of preliminary relief, and that the hardship balance here tips sharply toward the plaintiff. The Court finds that an injunction here is in the public interest.

Since Plaintiff is facing eviction, the Court finds that no bond or security is required at this time.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Ex Parte Motion for Temporary Restraining Order (ECF No. 68) is **GRANTED**. The temporary restraining order shall be effective until a hearing on the Motion for Preliminary Injunction (ECF No. 69) can be held.

**DATED** this 6th day of December, 2012.

_____
Gloria M. Navarro
United States District Judge