UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Anthony Coleman,<br><br>　　　　　　Plaintiff,<br>vs.<br><br>American Home Mortgage Servicing, Inc., *et al.*<br><br>　　　　　　Defendants. | Case No.: 2:11-cv-00178-GMN-VCF<br><br>**ORDER** |

This action arises out of the foreclosure proceedings initiated against the property of *pro se* Plaintiff Anthony Coleman. Before the Court is the Motion to Strike, or in the Alternative, Motion to Dismiss Plaintiff's Third Amended Complaint, filed by Defendants American Home Mortgage Servicing, Inc., aka Homeward Residential, Inc. ("AHMSI"), Power Default Services, Inc., and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively, "Defendants"). (ECF No. 53.) Previously, after Defendant American Home Mortgage Acceptance, Inc. ("AHMAI") filed a Notice of Suggestion of Bankruptcy Upon the Record (ECF No. 7), the Court issued an Order staying the case as to Defendant AHMAI. (ECF Nos. 14, 20.)

In this motion Defendants request judicial notice of documents filed with the Office of the Clark County Recorder. (*Id.* at Exs. A-G.) Defendant T.D. Service Company ("TDSC") filed a Joinder (ECF No. 62). Plaintiff filed a Response (ECF No. 55) and Defendants filed a Reply (ECF No. 56). Plaintiff also filed a Sur-Reply (ECF No. 57) without leave from the Court, and two requests for judicial notice (ECF Nos. 58, 59).

Also before the Court is Defendants' Motion to Stay Pretrial Proceedings (ECF No. 65).

## I. PROCEDURAL HISTORY

Plaintiff initiated this action on February 1, 2011, by filing a Complaint before this Court relating to the property he claimed to own and maintain his residence, located at 6136 Benchmark Way, North Las Vegas, NV, 89031 ("the property"). (ECF No. 1.) After granting Defendants' first Motion to Dismiss, the Court gave Plaintiff leave to amend his Complaint by January 3, 2012. (Order, Dec. 8, 2011, ECF No. 41.)

After Plaintiff filed several successive amended complaints, the Court construed Plaintiff's filings as a request for extension of time to re-file his Amended Complaint pursuant to the Court's December 8, 2011, Order, and permitted Plaintiff's Third Amended Complaint (ECF No. 49) to stand as the operative Complaint before the Court. (Order, July 20, 2012, ECF No. 61.)

In this Third Amended Complaint, Plaintiff added four additional defendants – Bank of New York Mellon, fka Bank of New York; American Home Mortgage Investment Trust 2004-4 Mortgage-Backed Notes, Series 2004-4; Gerri Sheppard; and Lender Processing Services, Inc. (*See* Third. Am. Compl., ECF No. 49; Compl., ECF No. 1.) Each of these four defendants was dismissed on August 23, 2012, pursuant to Federal Rule of Civil Procedure 4(m). (Order of Dismissal, ECF No. 63.)

Plaintiff's causes of action, as amended, are: (1) Statutorily Defective Foreclosure Under N.R.S. § 170.080; and (2) Quiet Title.

## II. LEGAL STANDARD

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The Court may also impose appropriate sanctions on a party for failure to comply with an order of the court. D. Nev. R. IA 4-1.

Also, Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of

action that fails to state a claim upon which relief can be granted. *See North Star Int'l. v. Arizona Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added).

A court may also dismiss a complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with Federal Rule of Civil Procedure 8(a). *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1129 (9th Cir.2008).  Rule 8(a)(2) requires that a plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "Prolix, confusing complaints" should be dismissed because "they impose unfair burdens on litigants and judges." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir.1996).  Mindful of the fact that the Supreme Court has "instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants," *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), the Court will view Plaintiff's pleadings with the appropriate degree of leniency.

"Generally, a district court may not consider any material beyond the pleadings in ruling

on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted).  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend.  The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

### III. DISCUSSION

First, although the Court recognizes that Plaintiff's amended complaint fails to comply with the December 2011 Order giving leave to amend, the Court will deny the motion to strike Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(f) or Local Rule IA 4-1.

Also, as discussed below, the Court finds that Plaintiff's amended complaint satisfies the pleading requirements as to the first cause of action for statutory defective foreclosure, but not

the second cause of action for quiet title.  Therefore, the Motion to Dismiss in the alternative will be denied in part, and granted in part.

**A. Background**

The publicly recorded documents submitted by Defendants in the motion (ECF No. 53) show that a Deed of Trust for the property was recorded in 2004, naming Plaintiff as Borrower, American Home Mortgage Acceptance, Inc. ("AHMAI") as Lender, Fidelity National Title as Trustee, and Defendant MERS as beneficiary solely as nominee for the Lender and its successors and assigns. (*Id*. at Deed of Trust, Ex. A.)

On September 2, 2008, a Notice of Default referring to AHMSI Default Services, Inc. as Trustee was recorded on behalf of the beneficiary, with the signature of "G. Sheppard" as "authorized signor," for Lender Processing Service as agent for T. D. Service Company, as agent for the Trustee. (*Id.* at Notice of Default, Ex. D.)

In a Substitution of Trustee that was recorded on behalf of Bank of New York, as beneficiary, AHMSI Default Services, Inc., was substituted as Trustee instead of Fidelity National Title. (*Id*. at Substitution of Trustee, Ex. C.)  This Substitution of Trustee was recorded on September 24, 2008, dated September 2, 2008, and signed September 4, 2008. (*Id*.)

On September 25, 2008, MERS signed an Assignment as nominee for AHMAI transferring the beneficial interest in the Deed of Trust from AHMAI to Defendant AHMSI. (*Id*. at 2008 Assignment, Ex. B.)

On November 25, 2009, AHMSI signed an Assignment transferring the beneficial interest in the Deed of Trust to Bank of New York, which was recorded December 4, 2009. (*Id*. at 2009 Assignment, Ex. E.)  In "Misc. Comments" a note indicates "Assignment Effective Date 10/27/2004." (*Id*.)

On March 28, 2011, a Notice of Trustee's Sale was recorded by Power Default Services, Inc., fka AHMSI Default Services, Inc. (*Id.* at Notice of Trustee's Sale, Ex. F.)

On April 26, 2011, a Trustee's Deed Upon Sale was recorded by T.D. Service Company, as agent for the Trustee, Power Default Services, Inc., fka AHMSI Default Services, Inc. (*Id*. at Trustee's Deed Upon Sale, Ex. G.)  Bank of New York was named as the record titleholder. (*Id*.)

**B. Statutorily Defective Foreclosure Under N.R.S. § 170.080**

As of September 2, 2008, when the Notice of Default was recorded in Clark County, the Nevada foreclosure statutes provided that a sale made pursuant to section 107.080 may be declared void if the trustee or other person authorized to make the sale does not substantially comply with the provisions of section 107.080 or any applicable provision of sections 107.086 and 107.087. *See* Nev. Rev. Stat. § 107.080(5)(a).  This statute also provides that a power of sale must not be exercised until the beneficiary, the successor in interest of the beneficiary or the trustee first executes and causes to be recorded a notice of the breach and of the election to sell the property or cause it to be sold. Nev. Rev. Stat. § 107.080(2)(c).

Here, the Court finds that Plaintiff has sufficiently alleged a breach of these statutory requirements with regard to the Notice of Default.  Plaintiff's allegations are factually supported by the publicly recorded documents submitted by Defendants.  These documents appear to show that the Notice of Default was not recorded by the beneficiary, successor in interest of the beneficiary, or the trustee at the time of the recording.  Therefore, the Court finds that Plaintiff has plead facts showing that a violation is plausible, not just possible, and will deny the motion to dismiss this cause of action.

**C. Quiet Title**

Nevada statutes provide that "[a]n action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim." Nev. Rev. Stat. § 40.010.  "In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself." *Breliant v.*

*Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996). "Moreover, there is a presumption in favor of the record titleholder." *Id*.

Here, Plaintiff has not alleged that he is current in his mortgage payments, or that he was current in his mortgage payments at the time the Notice of Default was filed, or before the Trustee's Sale occurred. Currently, Bank of New York is the record titleholder. Accordingly, the Court finds that Plaintiff has failed to plead facts sufficient to plausibly establish that Plaintiff can show good title in himself. Accordingly, the Court will grant the motion to dismiss this cause of action.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Strike, or in the Alternative, Motion to Dismiss (ECF No. 53) is **GRANTED in part, and DENIED in part.** The Motion to Strike is **DENIED**. The Motion to Dismiss is **DENIED as to Plaintiff's first cause of action for Statutorily Defective Foreclosure Under N.R.S. § 170.080,** and **GRANTED as to Plaintiff's second cause of action for Quiet Title**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Stay Pretrial Proceedings (ECF No. 65) is **DENIED as moot.**

**DATED** this 27th day of December, 2012.

_____
Gloria M. Navarro
United States District Judge