UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY COLEMAN,              )<br>                                                     )<br>              Plaintiff,              )<br>   vs.                                            )<br>                                                     )<br> AMERICAN HOME MORTGAGE )<br> SERVICING, INC., *also known as* )<br> HOMEWARD RESIDENTIAL, INC., *et al.* )<br>                                                     )<br>              Defendants.              )<br>                                                     ) | Case No.: 2:11-cv-00178-GMN-VCF<br><br>**ORDER** |

This action arises out of the foreclosure proceedings initiated against the property of *pro se* Plaintiff Anthony Coleman ("Plaintiff"). Before the Court is Plaintiff's Motion for Preliminary Injunction (ECF No. 69) and Supplemental Memorandum (ECF No. 70). Defendants American Home Mortgage Servicing, Inc., aka Homeward Residential, Inc. ("AHMSI")[1], Mortgage Electronic Registration Systems, Inc. ("MERS"), Power Default Services, Inc. ("Power Default Services") (collectively, "Moving Defendants") have filed a Response (ECF No. 78) in opposition, accompanied by a Declaration and exhibits (ECF No. 79). Plaintiff filed a Reply. (ECF No. 90.)

I.   **PROCEDURAL HISTORY**

Plaintiff initiated this action on February 1, 2011, by filing a Complaint before this Court relating to the property he claimed to own and maintain as his residence, located at 6136 Benchmark Way, North Las Vegas, NV, 89031 ("the property"). (ECF No. 1.) After granting Defendants' first Motion to Dismiss, the Court gave Plaintiff leave to amend his Complaint by

---

[1] The Court notes that in this action there are two distinct entities that will be discussed – Defendant American Home Mortgage Servicing, Inc. ("AHMSI") and AHMSI Default Services, Inc. ("AHMSI Default Services").

January 3, 2012. (Order, Dec. 8, 2011, ECF No. 41.) At that time, the Court noted that "[t]he documents submitted by the parties demonstrate that the foreclosure may have been statutorily invalid," and gave Plaintiff leave to amend his complaint to allege a statutory defect under Section 107.080 of Nevada Revised Statutes. (*Id.*)

After Plaintiff filed several successive amended complaints, the Court construed Plaintiff's filings as a request for extension of time to re-file his Amended Complaint pursuant to the Court's December 8, 2011, Order, and permitted Plaintiff's Third Amended Complaint (ECF No. 49) to stand as the operative Complaint before the Court. (Order, July 20, 2012, ECF No. 61.) Plaintiff's causes of action, as amended, are: (1) Statutorily Defective Foreclosure Under N.R.S. § 170.080; and (2) Quiet Title. On January 2, 2013, the Court denied a motion to dismiss Plaintiff's First Cause of Action, but granted the motion as to Plaintiff's Second Cause of Action. (ECF No. 77.)

Previously, on June 7, 2012, Bank of New York as Trustee filed a Complaint for Unlawful Detainer in the Justice Court of North Las Vegas Township (the "Justice Court") thereby initiating Case No. 12CN001288 (the "Eviction Action"). (*See* Def.'s Resp. Br. Ex. P, ECF No. 78-2.) Ultimately, the Justice Court set a hearing on the Eviction Action for November 26, 2012. (*Id.*) On the day of the hearing, Plaintiff filed the instant motion requesting that this Court enjoin Defendants from pursuing eviction proceedings. (Mot. for Prelim. Inj., ECF No. 69.)

**II.     DISCUSSION**

In their opposition, Moving Defendants first argue that the federal anti-injunction statute, 28 U.S.C. § 2283, prohibits entry of the requested injunction. The Court agrees.

The Anti-Injunction Act prohibits a "court of the United States" from granting "an injunction to stay proceedings in a State court." 28 U.S.C. § 2283. The statute further provides three limited exceptions to its prohibition: (1) where "expressly authorized by Act of

Congress"; (2) "where necessary in aid of its jurisdiction"; or (3) "to protect or effectuate its judgments." 28 U.S.C. § 2283. Furthermore, "[i]t is settled that the prohibition of § 2283 cannot be evaded by addressing the order to the parties or prohibiting utilization of the results of a completed state proceeding." *Atl. Coast Line R. Co. v. Bhd. Of Locomotive Eng'rs*, 398 U.S. 281, 287 (1970) (citing *Okla. Packing Co. v. Okla. Gas & Elec. Co.*, 309 U.S. 4, 9 (1940); *Hill v. Martin*, 296 U.S. 393, 403 (1935)).

Here, Plaintiff is requesting that this Court enjoin Defendants from acting in any way to deprive or attempt to deprive Plaintiff from the real property that is the subject of this litigation. However, granting the requested relief would require this Court to enjoin the Eviction Action currently underway in the Justice Court. Thus, the requested relief is barred by the anti-injunction statute's prohibition against enjoining "proceedings in a State court" and the Court must deny Plaintiff's Motion for a Preliminary Injunction.[2]

### III. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Preliminary Injunction (ECF No. 69) is **DENIED**.

**IT IS FURTHER ORDERED** that the Temporary Restraining Order (ECF No. 71) is hereby **DISSOLVED**.

**IT IS FURTHER ORDERED** that the Preliminary Injunction Hearing currently scheduled for **Friday, February 1, 2013** is hereby **VACATED**.

**IT IS FURTHER ORDERED** that the parties shall file copies of the following orders in the docket of the Eviction Action, or in the docket of any appeal thereof: (1) this Order;

---

[2] Although the Court must deny Plaintiff's request for an injunction of the state court eviction proceedings, it is important to remember that the Court previously determined that Plaintiff is likely to succeed on the merits of his claim for Statutorily Defective Foreclosure under Nev. Rev. Stat. § 170.080. (Order Grant'g *Ex Parte* Mot. for TRO, ECF No. 71.) Furthermore, Plaintiff's claim for statutorily defective foreclosure has survived the motion to dismiss stage. (Order, ECF No. 77.) If Plaintiff were to succeed on the merits of this cause of action, the sale of the real property in dispute would be voided and the subject state eviction proceedings would likely be nullified.

(2) the Court's Order granting the Temporary Restraining Order (ECF No. 71); and (3) the Court's Order granting-in-part and denying-in-part Defendants' Motion to Dismiss (ECF No. 77).

**DATED** this 31st day of January, 2013.

_____
Gloria M. Navarro
United States District Judge