# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY COLEMAN,<br><br>　　　　　　　Plaintiff,<br>　vs.<br><br>AMERICAN HOME MORTGAGE SERVICING, INC.; POWER DEFAULT SERVICES, INC.; T.D. SERVICE COMPANY; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; AMERICAN HOME MORTGAGE ACCEPTANCE INC.; and DOES 1–25,<br><br>　　　　　　　Defendants. | Case No.: 2:11-cv-00178-GMN-VCF<br><br>**ORDER** |

Pending before the Court is the Motion for Summary Judgment (ECF No. 108) filed by Defendant T.D. Service Company ("T.D. Service"). Plaintiff Anthony Coleman ("Plaintiff") filed a Response (ECF No. 114) and T.D. Service filed a Reply (ECF No. 117). Thereafter, on March 14, 2014, the Court held a hearing during which the Court denied the Motion for Summary Judgment. This written order follows.

**I.　BACKGROUND**

This action arises out of foreclosure proceedings initiated against the property of *pro se* Plaintiff Anthony Coleman. Plaintiff gave lender, American Home Mortgage Acceptance, Inc. ("AHMAI"), a $311,250.00 promissory note secured by the property located at 6136 Benchmark Way, North Las Vegas, NV 89031 (the "Subject Property"). (Deed of Trust, ECF No. 53-1.) The Deed of Trust named Fidelity National Title ("Fidelity"), as the Trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS"), as the lender's "nominee." (*Id.*) On September 25, 2008, MERS, as nominee, assigned AHMAI's interest in the Deed of Trust to

American Home Mortgage Servicing, Inc. ("AHMSI"). (Assignment of Deed of Trust, ECF No. 53-2.) In addition, the Court has taken judicial notice of an additional assignment in which MERS, as nominee for AHMSI, purported to assign AHMSI's interest in the Deed of Trust to Bank of New York ("BONY"). (Assignment of Deed of Trust, ECF No. 53-5.) Although this document states that it was executed on November 25, 2009, it also states that this assignment was effective on October 27, 2004, despite the fact that the AHMSI did not become the beneficiary until September 25, 2008. (*Compare* Assignment of Deed of Trust, ECF No. 53-5 *with* Assignment of Deed of Trust, ECF No. 53-2.) Thereafter, on September 2, 2008, BONY, the purported beneficial interest holder, executed a substitution of trustee in which BONY attempted to substitute AHMSI Default Services, Inc., in place of Fidelity, as trustee. (Substitution of Trustee, ECF No. 53-3.) Also on September 2, 2008, AHMSI Default Services, "as duly appointed Trustee," recorded a Notice of Default and Election to Sell on behalf of "the present Beneficiary." (Notice of Default, ECF No. 53-4.)

In response to these foreclosure proceedings, Plaintiff initiated this action on February 1, 2011, by filing a Complaint before this Court alleging various causes of action. (Compl., ECF No. 1.) After granting Defendants' first Motion to Dismiss, the Court gave Plaintiff leave to amend his Complaint by January 3, 2012. (Order, Dec. 8, 2011, ECF No. 41.) Plaintiff filed his Third Amended Complaint on February 13, 2012 in which Plaintiff alleged two causes of action: (1) Statutorily Defective Foreclosure under section 170.080 of the Nevada Revised Statutes; and (2) Quiet Title. (ECF No. 49.) The Court later dismissed Plaintiff's cause of action for Quiet Title, but found that Plaintiff had sufficiently stated a cause of action for Statutorily Defective Foreclosure. (Order, Jan. 2, 2013, ECF No. 77.) Specifically, the Court determined that Plaintiff had adequately alleged that Defendants failed to satisfy the requirements of section 107.080 when Defendants recorded the Notice of Default. (*Id.* at 6:6–20.) Specifically, the Court concluded that the publicly recorded documents appeared to

indicate that "the Notice of Default was not recorded by the beneficiary, successor in interest of the beneficiary, or the trustee at the time of the recording." (*Id.* at 6:16–18.)  Thus, Plaintiff's cause of action for Statutorily Defective Foreclosure survived Defendants' second motion to dismiss, for which the statutory remedy is voiding the trustee's sale. *See* Nev. Rev. Stat. § 107.080(5)

Thereafter, on April 11, 2013, Defendants filed a Motion Authorizing Recordation of Rescission of Trustee's Deed Upon Sale, (ECF No. 95), which the Court granted at the April 23, 2013 hearing.  Specifically, Defendants stated that "[o]nce the Trustee's Deed Upon Sale has been rescinded, Defendants intend to record and serve a new Substitution of Trustee and Notice of Trustee's Sale, which will resolve the issues identified in various orders entered by this Court." (Mot. 5:18–20, ECF No. 95.)  Defendants further represented that after the rescission was recorded, they "intend[ed] to file a motion requesting an order dismissing this action as moot and expunging the Notice of *Lis Pendens* recorded by Plaintiff." (*Id.* at 5:20–22.)  Despite these representations to the Court, Defendants neither recorded the rescission nor filed the motion to dismiss as moot.  Instead, Defendant T.D. Service filed a Motion for Summary Judgment. (ECF No. 108.)

In its motion, T.D. Service asserts that summary judgment is appropriate for two reasons.  First, T.D. Service asserts that the fact that Plaintiff was in default precludes Plaintiff from recovering money damages for his statutorily defective foreclosure claim. (Mot. for Summ. J. 6:6–9:5, ECF No. 108.)  Second, T.D. Service argues that the Notice of Default was properly recorded because the current beneficiary under the deed of trust later ratified the foreclosure proceedings. (*Id.* at 9:6–10:12.)  For the reasons discussed at the March 14, 2014 hearing and for the reasons discussed below, the Court rejects these arguments and DENIES T.D. Service's Motion for Summary Judgment.

/ / /

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is a sufficient evidentiary basis on which a reasonable fact-finder could rely to find for the nonmoving party. *See id.* "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968)). "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. When, as here, the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–

60 (1970). If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). However, because the Court finds that T.D. Service has failed to meet its initial burden, the Court need not determine whether Plaintiff can establish the existence of a genuine issue of material fact.

### III.    DISCUSSION

The Court first notes that T.D. Service does not appear to dispute that the foreclosure proceedings of the Subject Property were defective. Specifically, T.D. Service does not dispute that the party that filed the Notice of Default had not been properly substituted by the holder of the beneficial interest in the Deed of Trust at the time that the Notice of Default was recorded. Rather, T.D. Service asserts that Plaintiff's claim fails because Plaintiff was in default on his loan. In addition, T.D. Service argues that Plaintiff's claim fails because the foreclosure proceedings were later ratified by the present beneficiary. However, both of these arguments fail. Therefore, the Court DENIES T.D. Service's Motion for Summary Judgment.

T.D. Service first asserts that Plaintiff cannot recover under his statutorily defective foreclosure cause of action because Plaintiff is only entitled to money damages if he can establish that he has not defaulted on his loan. All parties recognize that Plaintiff was delinquent on his mortgage payments. Nevertheless, this argument fails because T.D. Service is conflating two separate causes of action: the tort of wrongful foreclosure and statutorily defective foreclosure under section 107.080 of the Nevada Revised Statutes.

Each of the cases on which T.D. Service relies discusses whether a Plaintiff can recover damages under the *tort of wrongful foreclosure*. *See, e.g.*, *Berilo v. HSBC Mortg. Corp.*, No. 2:09-cv-02353-RLH-PAL, 2010 WL 2667218, at *3 (D. Nev. June 29, 2010) ("Although NRS 107.080 does not provide plaintiff homeowners with a private right of action *for tort damages, it does allow a court to void a trustee sale*." (emphasis added)). The Court agrees, and has for

some time, that Plaintiff cannot recover under the tort cause of action for wrongful foreclosure. (*See* Order, Dec. 8, 2011, 6:9–14, ECF No. 41 ("Unfortunately, even though there may be a claim for a statutorily defective foreclosure, *Plaintiff has failed to state a claim for the tort of wrongful foreclosure* pursuant to Nevada law because he does not dispute his delinquency on the mortgage payments." (emphasis added) (citing *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610 (Nev. 1983)).)  However, this argument does not affect whether Plaintiff is entitled to an order from this Court voiding the trustee's sale because of defects in the foreclosure proceedings.  Thus, T.D. Service's argument based on Plaintiff's default is inapplicable to Plaintiff's surviving cause of action for statutorily defective foreclosure under section 107.080.  As such, T.D. Service has failed to persuade this Court that summary judgment is appropriate.

T.D. Service's second argument also fails.  The Court first notes that T.D. Service has failed to provide any controlling case law that supports its position that summary judgment is proper because the beneficiary ratified the allegedly unauthorized foreclosure proceedings.  In contrast, T.D. Service solely relies on one non-controlling case from this district. (*See* Mot. for Summ. J. 9:17–25 (citing *Hernandez v. IndyMac Bank*, No. 2:12-cv-00369-MMD-CWH, 2012 WL 5381533, at *4 (D. Nev. Oct. 31, 2012)).)  In *Hernandez v. IndyMac*, the holder of the beneficial interest provided additional evidence that it had authorized the purported trustee to initiate the foreclosure proceedings. *Hernandez*, 2012 WL 5381533, at *4.  Furthermore, the language in the notice of default left open the possibility that the purported trustee could have been acting as "an agent for the trustee or beneficiary." (*Id.* (internal quotation marks omitted) ("[T]his 'catch all' language saves [the beneficiary]: [the purported trustee] employed the disjunctive 'or' to offer itself as *possibly* an 'agent for the trustee or beneficiary.'").)

In contrast, here, AHMSI Default Services, the party that recorded the Notice of Default relating to the Subject Property, expressly stated that it was the "duly appointed Trustee" of the

"present Beneficiary." (Notice of Default, ECF No. 56-4.) Based on the evidence in the record, BONY attempted to execute the substitution of AHMSI Default Services, Inc. as trustee on the same date that AHMSI Default Services, Inc. recorded the Notice of Default. However, it appears that, on this date, the beneficial interest in the Deed of Trust had not yet been properly assigned to BONY. Specifically, AHMSI, the entity that attempted to assign the beneficial interest to BONY effective October, 27, 2004, did not itself hold the beneficial interest until nearly four years later, when AHMAI assigned the beneficial interest to AHMSI on September 25, 2008. Thus, there is no evidence that AHMSI Default Services, Inc was actually the "duly appointed Trustee" when it recorded the Notice of Default because BONY was not authorized to execute the Substitution of Trustee.

Furthermore, even to the extent that the Court were to consider *Hernandez v. IndyMac* as persuasive authority, the Court is more persuaded by the reasoning in *Dyer v. American Mortgage Network, Inc.*, No. 3:11-cv-00172-RCJ-VPC, 2012 WL 1684571, at *1 (D. Nev. May 14, 2012). In *Dyer*, the court denied the defendants' motion for summary judgment and concluded that a beneficiary could not ratify foreclosure proceedings where that beneficiary "was not the person on whose behalf [the trustee] purported to act when filing the [Notice of Default]." *Id.* Similarly, in the present case, T.D. Service has failed to provide any evidence that BONY could be the "present Beneficiary," to which the Notice of Default refers. As discussed above, AHMSI, the entity that assigned the beneficial interest to BONY, did not itself receive the beneficial interest until after the Notice of Default was recorded. (*Compare* Assignment of Deed of Trust, ECF No. 53-5 *with* Assignment of Deed of Trust, ECF No. 53-2.) Thus, based on the evidence in the record, BONY could not ratify the actions of the AHMSI Default Services, Inc. because, as in *Dyer*, BONY was not the beneficiary when AHMSI Default Services, Inc. recorded the Notice of Default. Any later ratification by BONY "would merely be a ratification of a wrongful act, i.e., the filing of the [Notice of Default] by an entity

that was neither the beneficiary, trustee, or agent of either." *Dyer*, 2012 WL 1684571, at *1 (citing Nev. Rev. Stat. § 107.080(2)(c)).

## IV.    CONCLUSION

**IT IS HEREBY ORDERED** that Motion for Summary Judgment (ECF No. 108) filed by Defendant T.D. Service Company is **DENIED**.

**DATED** this 17th day of July, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Judge